**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
IN RE                           :
ANNA MARIA ALLEN                : Chapter 13 Case No. 09-00231
      Debtor                    : Hearing Date: 05/15/09*
```

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE BASED ON 11 U.S.C. §109(e) DEBT LIMIT INELIGIBILITY AND BAD FAITH AND NOTICE OF DEADLINE AND OPPORTUNITY TO OBJECT**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned matter and respectfully moves this Court to dismiss the above-captioned matter with Prejudice based on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307, §521(e)(2)(B)&(i), §105 and §349, based on the following grounds:

1. The debtor has failed to appear and submit to an examination under oath at the §341 Meeting of Creditors on April 20, 2009, as required by 11 U.S.C. §343.

2. The debtor has failed to timely commence plan payments within 30 days after date of the Order for Relief/petition date, as required by 11 U.S.C. §1326(a).

3. The debtor has failed to file Chapter 13 Plan and has likewise failed to comply with 11 U.S.C. §521(a)(1)(B)(iv) by failing to file copies of all payment advices or other evidence of payment received within 60 days before the petition date. Pursuant to 11 U.S.C. §521(i), dismissal is mandatory.

4. Based on debtor's schedules and filed proofs of claims, the Trustee contends that on the petition date, the following approximate total amount of non-contingent, liquidated, secured debts in the current amount of **$1,389,000.00**, exceeds the debt limits of 11 U.S.C. §109(e), as

amended by Title 1 §108(a)(2) in the current amount of **$1,010,650.00.**

5. The filing of the instant case with admitted debt limit ineligibility constitutes bad faith.

6. The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A) by failing to provide, not later than 7 days before the first date set for the §341 Meeting of Creditors, to the Trustee, a copy of the Federal income tax return or transcript thereof for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. Pursuant to 11 U.S.C. §521(e)(2)(B), dismissal is mandatory.

7. The debtor has likewise failed to comply with 11 U.S.C. §1308(a) by failing to file not later than the day before the first date scheduled for the §341 Meeting of Creditors, or to date, all required tax returns for all taxable periods ending during the 4-year period ending on the petition date. Pursuant to 11 U.S.C. §1307(e), dismissal is mandatory.

8. The tax refunds are relevant to the disposable income analysis and tax liabilities are relevant to sufficiency of plan funding. Likewise the filing of all requisite §1308 tax returns is a confirmation standard pursuant to 11 U.S.C. §1325(a)(9) and the date of the filing of said returns is a bar date deadline issue pursuant to 11 U.S.C. 502(b)(9) as well as a dischargeability issue pursuant to 11 U.S.C. §1328 (a)(2).

9. The debtor filed prior Chapter 7 Case No. 91-40233

(DC) on February 8, 1991.

WHEREFORE, the Trustee requests this Court to dismiss this case with Prejudice based on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307, §521(e)(2)(B)&(i), §105 and §349.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

## NOTICE OF OPPORTUNITY AND DEADLINE TO OBJECT TO MOTION TO DISMISS

* **UNLESS OTHERWISE NOTED**, HEARING ON THE ABOVE-CAPTIONED MOTION FOR DISMISSAL IS SET AT **9:30 A.M. ON MAY 15, 2009.**

* **PLEASE TAKE NOTICE THAT WITHIN TWENTY (20) DAYS AFTER THE DATE OF THIS NOTICE** you must file and serve a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., N.W., Washington, D.C. 20001, and served by mailing a copy to the Chapter 13 Trustee and all scheduled, secured creditors.

* **IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.** The court may grant the motion without a hearing if the objection filed states inadequate grounds for denial. Parties in interest with questions may contact the Trustee.

Dated: April 21, 2009

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623
(202)362-8500

## CERTIFICATE OF SERVICE UNDER LBR 5005-1(h)

I hereby certify that a copy of the foregoing Motion and Notice of Opportunity to Object, was mailed, postage prepaid, April 21, 2009 to:

Anna Maria Allen
3102 18th Street, NW
Washington, DC  20010

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas